IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

PHILADELPHIA INDEMNITY §
INSURANCE COMPANY, §
§
§
Plaintiff, §
§
v. §　　CASE NO. 7:19-CV-00107-DC
§
THE ODESSA FAMILY YMCA, §
§
Defendant. §

## DECLARATION OF LISA HENDERSON

Lisa M. Henderson, under penalty of perjury, testifies as follows:

1.　　I am a senior counsel with Clyde & Co US LLP and I represent Philadelphia Indemnity Insurance Company ("Philadelphia") in the above-captioned matter.  I make this declaration based on my personal knowledge.

2.　　This declaration is submitted in support of Philadelphia's Motion to Compel Compliance with a Subpoena.

3.　　Attached as Exhibit A is a true and correct copy of the litigation hold notice letter sent by me to Sam Rogers on April 24, 2019.

4.　　Attached as Exhibit B is a true and correct copy of an email sent by Mr. Rogers on April 24, 2019 to me and copying YMCA's counsel in response to Philadelphia's litigation hold letter.

5.　　Attached as Exhibit C is a true and correct copy of the Notice of Subpoena served on all counsel of record on September 30, 2019.

6.      Attached as Exhibit D is a true and correct copy of the Proof of Service, reflecting that Sam Rogers was personally served on October 2, 2019 in Dallas, Texas.

7.      Attached as Exhibit E is a true and correct copy of an email sent by Sam Rogers to me on October 9, 2019.

8.      Attached as Exhibit F is a true and correct copy of a second email sent by Sam Rogers to me on October 9, 2019.

9.      Attached as Exhibit G is a true and correct copy of a letter sent by me to Sam Rogers on October 16, 2019.

10.     Attached as Exhibit H is a true and correct copy of a letter sent by me to Sam Rogers on October 31, 2019.

11.     Attached as Exhibit I is a true and correct copy of a set of email correspondences between myself and Kyle Fonville between November 12, 2019 and December 3, 2019, in an attempt to come to an agreement re: retaining a computer forensic expert.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed March 13, 2020 in Dallas, Texas.


                                        */s/ Lisa M. Henderson*
                                        Lisa M. Henderson


DECLARATION OF LISA HENDERSON                                                    Page 2

# EXHIBIT A



Clyde & Co US LLP

10440 N Central Expressway

Suite 800

Dallas, Texas 75231

Telephone:  +1 214 540 7539

Facsimile:  +1 214 540 7540

www.clydeco.us

Lisa M. Henderson

lisa.henderson@clydeco.us

April 24, 2019

***VIA ELECTRONIC MAIL ONLY***

Samuel Rogers
T Rock Roofing & Contracting
9330 Lyndon B. Johnson Freeway
Suite 900
Dallas, TX  75243
rogers1658075@gmail.com

**Re:**    **Case No. 7:19-cv-107;** ***Philadelphia Indemnity Insurance Company v. The Odessa Family YMCA*; In the United States District Court for the Western District of Texas, Midland/Odessa Division**

Dear Mr. Rogers:

I am writing to you on behalf of Philadelphia Indemnity Insurance Company ("Philadelphia"),  which retained Clyde & Co. to represent its interests with respect to the appraisal proceeding in which you participated as the appraiser for the insured, The Odessa Family YMCA (the "Appraisal").  On behalf of Philadelphia, we have filed the above-referenced lawsuit to ask the Court to set aside the appraisal award.

The purpose of this letter is to advise you of your legal obligation to preserve all evidence related to your activities and communications arising out of your service as appraiser in the Appraisal.  You and any of your employees, representatives and agents are directed to preserve,  and not alter, modify or destroy, any materials, including electronically stored information and other records in your possession or control that in any way may relate to your engagement and actions in connection with the Appraisal.

Records, as used here, includes paper documents, audio recordings, videotapes and electronic images, emails, social media links or postings, messages including text messages or other messages through mobile devices, Internet usage files, as well as all computers and computer files containing electronic information.  This legal requirement extends to personal computers and personal mobile devices and accessories, as well as home devices. As well as word processing documents, spreadsheets, databases, calendars, telephone logs, telephone messages, and any other electronic information you created, received or maintained on a

Clyde & Co US LLP is a Delaware limited liability partnership with offices in

Atlanta, Chicago, Los Angeles, Miami, New Jersey, New York, Orange County, San Francisco and Washington D.C.

Clyde & Co US LLP is affiliated with Clyde & Co LLP, a limited liability partnership registered in England and Wales.



Samuel Rogers
April 24, 2019
Page 2


computer network or on any individual computer relating to or arising out of the Appraisal.  This also includes any computer hard drives, removable media (such as CDs and DVDs), laptop computers, PDAs, Blackberry devices, and any other locations or devices on which hard copy or electronic data is stored.

In complying with this request, you are also directed to immediately preserve and set aside all of the records referenced above.  This means that any such items that, in the ordinary course of business, might be subject to deletion, overwriting, or any other possible means of destruction, should be preserved.  If you have any questions on how to comply with this directive, please contact me at the telephone number or email address appearing above.

Very truly yours,

Lisa M. Henderson
Senior Counsel

# EXHIBIT B

| | |
|---|---|
| **From:** | Samuel Rogers |
| **To:** | Henderson, Lisa |
| **Cc:** | Chris Lyster; Todd Hurd |
| **Subject:** | Re: Odessa Family YMCA; Claim No. 1090985 [CC-US2.FID713660] |
| **Date:** | Wednesday, April 24, 2019 9:28:22 AM |

I appreciate the letter but I am not part of your battle.

The appraisal panel met, made a decision and agreed upon a total.
My job with this award is completed at this point.

Sam Rogers
214-632-0444
Sent from my iPhone

On Apr 24, 2019, at 8:22 AM, Henderson, Lisa <Lisa.Henderson@clydeco.us> wrote:

> Mr. Rogers,
> Attached please find a litigation hold letter.
> Regards,
> Lisa
>
> **Lisa Henderson**
> Senior Counsel | Clyde & Co US LLP
> **Direct Dial:** +1 214 540 7539 | **Mobile:** +1 214 632 4723
>
> 10440 N Central Expressway | Suite 800 | Dallas | TX 75231 | USA
> **Fax** +1 214 540 7540 | www.clydeco.us

**If our account details change, we will notify these to you by letter, telephone or face-to-face and never by email.**

This email message and any attachments may contain legally privileged and/or confidential information intended solely for the use of the individual or entity to whom it is addressed. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution or copying of this message or its attachments is strictly prohibited. If you have received this email message in error, please immediately notify us by telephone, fax or email and delete the message and all attachments thereto. Thank you. Clyde & Co US LLP is a Delaware limited liability law partnership affiliated with Clyde & Co LLP, a multinational partnership regulated by The Law Society of England and Wales.

Disclosure: To ensure compliance with requirements imposed by the IRS in Circular 230, we inform you that any tax advice contained in this communication (including any attachment that does not explicitly state otherwise) is not intended or written to be used, and cannot be used, for the purpose of avoiding penalties under the Internal Revenue Code or promoting, marketing or recommending to another party any transaction or matter addressed herein.

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CASE NO. 7:19-CV-00107-DC |
| THE ODESSA FAMILY YMCA, | § § | |
| Defendant. | § § | |

**NOTICE OF SUBPOENA FOR PRODUCTION OF DOCUMENTS TO SAM ROGERS**

PLEASE TAKE NOTICE that Plaintiff Philadelphia Indemnity Insurance Company will, following service of this Notice, serve the attached Subpoena to Produce Documents to Sam Rogers (**Exhibit A**).

Respectfully Submitted,

*/s/ Lisa M. Henderson*
Lisa M. Henderson
State Bar No. 24025423
Admitted in Western District of Texas
lisa.henderson@clydeco.us
L. Kimberly Steele
State Bar No. 04127600
Admitted in Western District of Texas
kimberly.steele@clydeco.us
CLYDE & CO
10440 N. Central Expressway
Suite 800
Dallas, TX 75231
Telephone: 214.540.7539
Facsimile: 214.540.7540

ATTORNEYS FOR PLAINTIFF

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document has been served on all counsel of record pursuant to the Federal Rules of Civil Procedure, on September 30, 2019.

*/s/ Lisa M. Henderson*_____
Lisa M. Henderson

# EXHIBIT A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Texas

| | |
|---|---|
| Philadelphia Indemnity Insurance Company | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 7:19-CV-00107-DC |
| The Odessa Family YMCA | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

SAM ROGERS

To:      T Rock Contracting, 9330 Lyndon B Johnson Fwy #900, Dallas TX 75243

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:    SEE ATTACHMENT A

| Place: Clyde and Co LLP, 10440 N Central Expressway Suite 800, Dallas, TX 75231 | Date and Time: 10/22/2019 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    09/30/2019

| CLERK OF COURT | |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Philadelphia Indemnity Insurance Company _____ , who issues or requests this subpoena, are:

Lisa Henderson, Clyde & Co LLP, 10440 N. Central Expressway, Suite 800, Dallas, TX, 75231, 214-540-7539

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 7:19-CV-00107-DC

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Re *Philadelphia Indemnity Insurance Company v. The Odessa Family YMCA,*
U.S. District Court, Western District of Texas Case No. 7:19-CV-00107-DC

## ATTACHMENT A
### to
## DOCUMENT SUBPOENA TO SAM ROGERS

### INSTRUCTIONS

1.     When producing documents in response to this subpoena, RESPONDING PARTY is required to furnish such documents or tangible things as is, or may be, available to RESPONDING PARTY, including but not limited to documents or tangible things available to each of his past and present companies, partners, attorneys, agents, employees, representatives, independent contractors, and/or other persons or entities acting, or purporting to act, on his behalf.

2.     If RESPONDING PARTY withholds or redacts any documents or tangible things or parts thereof under a claim of privilege or work product protection, please furnish a privilege and/or redaction log identifying, for each document or tangible thing for which privilege or protection is claimed, the following information:

        a.     The date, sender, recipient, title, and subject matter of the document or tangible thing;

        b.     The identity of the persons in possession, custody, or control of the document or tangible thing;

        c.     The basis upon which privilege or protection is claimed; and

        d.     The request to which the document or tangible thing corresponds.

3.     These requests are to be liberally construed in accordance with common sense, good faith, and the plain meaning of the English language. Do not assign a restrictive definition to the words used herein. If there is any doubt about the scope of a request, assume that the request has the broadest scope possible within the bounds of common sense, reason, and relevance. If there are any questions regarding the scope of a request, contact propounding party's counsel.

4.     The connectives "or," "and," and "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all documents or tangible things that might otherwise be construed to be outside of its scope.

5.     RESPONDING PARTY is to produce the documents as they are kept in the ordinary course of business or organized and labeled to correspond with a particular request set forth below as required by Federal Rule of Civil Procedure 45(e)(1)(A).  Electronically stored information should be produced in the form or forms in which it is ordinarily maintained.

6.     Unless a request states otherwise, **the relevant time period for each of the requests is October 10, 2018 through the present**.

## DEFINITIONS

1.     The term "RESPONDING PARTY" means **SAM ROGERS** and each of his past and present companies, partners, attorneys, agents, assistants, employees, representatives, independent contractors, and/or other persons or entities acting, or purporting to act, on his behalf.

2.     The term "PHILADELPHIA" means Philadelphia Indemnity Insurance Company, and each of its parents, subsidiaries, insurance brokers, affiliates, agents, managing general agents, attorneys, accountants, investigators, partners, officers, directors, employees, predecessors, representatives, experts, consultants, contractors, independent contractors, or other persons or entities acting, or purporting to act, on its behalf.

3.     The term "YMCA" means The Odessa Family YMCA and each of its parents, subsidiaries, insurance brokers, affiliates, agents, managing general agents, attorneys, accountants, investigators, partners, officers, directors, employees, predecessors, representatives, experts, consultants, contractors, independent contractors, public adjustors, appraisers or other persons or entities acting, or purporting to act, on its behalf.

4.     The term "DOCUMENT" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a). A draft of a nonidentical copy is a separate document within the meaning of this term.

5.     The term "COMMUNICATION" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

6.     The term "ELECTRONICALLY STORED INFORMATION" or "ESI" refers to all information of all kinds maintained by electronic data processing systems including all non-identical copies of such information. ESI includes, but is not limited to, input and/or output used or produced by any software program or utility, including electronic mail messages and other communications and all information referencing or relating to such messages or communications anywhere on the computer systems, word processing documents and all information stored in connection with such documents, electronic spreadsheets, databases including all records and fields and structural information, charts, graphs and outlines, arrays of information and all other information used or produced by any software,

and all miscellaneous files and/or file fragments, regardless of the media on which they reside and regardless of whether said ESI consists in an active file, deleted file or file fragments. The term ESI also includes the file, folder tabs and/or containers and labels appended to, or associated with, any physical storage device associated with the information described above. ESI subject to production includes information stored on both personal and company-issued, owned, or operated desktop or laptop computers, PDAs, cellular phones, smartphones, databases, hard drives, servers, backup tapes, archival tapes, voice mail memories, website log files, USB/flash drives, hard discs, floppy disks, CD-ROMs, online storage services, online communication services, and any other means or vehicle of ESI storage and/or transmittal.

7.      The term "YMCA-PHILADELPHIA APPRAISAL" refers to the dispute between YMCA and PHILADELPHIA relating to the amount of loss to certain real property located in Odessa, Texas as a result of a June 14, 2017 hail storm that passed through Odessa for which RESPONDING PARTY was selected as an appraiser.

8.      The term "CONCERNING" means relating to, referring to, describing, evidencing or constituting.

## DOCUMENT REQUESTS

1. A complete copy of RESPONDING PARTY's file(s) CONCERNING the YMCA-PHILADELPHIA APPRAISAL.

2. All DOCUMENTS, ESI, and COMMUNICATIONS CONCERNING the YMCA-PHILADELPHIA APPRAISAL.

3. All DOCUMENTS, ESI, and COMMUNICATIONS CONCERNING the bases for the appraisal awards in the YMCA-PHILADELPHIA APPRAISAL, including without limitation the bases of calculation of the sums stated in those awards.

4. All COMMUNICATIONS CONCERNING the YMCA-PHILADELPHIA APPRAISAL between RESPONDING PARTY and any of the following:

   a. YMCA

   b. Crissy Medina

   c. Jonathan Haddaway

   d. Christopher Lyster

   e. Todd Hurd

   f. Mark Weeks

g. PHILADELPHIA

h. Annette Tarquinio

i. Chad Fuller

j. Troy White

k. Sam Colson

l. Brandon Nix

m. Any person associated or affiliated with or employed by any local or state government department or agency

n. Any person or entity.

5. DOCUMENTS sufficient to identify the participants and dates of all disputes in which RESPONDING PARTY served as an umpire or appraiser between April 17, 2014 and the April 17, 2019.

6. RESPONDING PARTY's most recent resume or CV.

# EXHIBIT D

# UNITED STATES DISTRICT COURT
for the
## WESTERN DISTRICT OF TEXAS
### MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| PHILADELPHIA INDEMNITY | § | |
| INSURANCE COMPANY | § | |
| | § | |
| **Plaintiff(s),** | § | |
| | § | Civil Action No. **7:19-CV-00107-DLC** |
| v. | § | |
| | § | |
| | § | |
| THE ODESSA FAMILY YMCA | § | |
| | § | |
| **Defendant(s).** | § | |

## RETURN OF SERVICE

Came to my hand on **Tuesday, October 1, 2019 at 10:41 AM,**
Executed at: **6801 PERT LANE, DALLAS, TX 75240**
within the county of **DALLAS** at **1:55 PM,** on **Wednesday, October 2, 2019,**
by individually and personally delivering to the within named:

### SAM ROGERS

a true copy of this

### NOTICE OF SUBPOENA FOR PRODUCTION OF DOCUMENTS TO SAM ROGERS and SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION WITH ATTACHMENT A

in Cash/Check for one day's attendance and mileage allowed by law, per FRCP 45(b)(1).

**BEFORE ME,** the undersigned authority, on this day personally appeared **Adil Tadli** who after being duly sworn on oath states: "My name is **Adil Tadli.** I am a person not less than eighteen (18) years of age and I am competent to make this oath. I am a resident of the State of Texas. I have personal knowledge of the facts and statements contained herein and aver that each is true and correct. I am not a party to nor related or affiliated with any party to this suit. I have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude."

By: _____
**Adil Tadli - PSC1206 / Exp 05/31/20**

Subscribed and Sworn to by Adil Tadli, Before Me, the undersigned authority, on this ___3rd___ day of October, 2019.

_____
**Notary Public in and for the State of Texas**

THOMAS E CONSIDINE
Notary Public
STATE OF TEXAS
ID#12516820-9
My Comm. Exp. April 13, 2021

# EXHIBIT E

| | |
|---|---|
| **From:** | Samuel Rogers |
| **To:** | Henderson, Lisa |
| **Subject:** | Re: Document Subpoena [CC-US2.FID713660] |
| **Date:** | Wednesday, October 9, 2019 12:59:34 AM |
| **Attachments:** | ODESSA-YMCA-UNIV_Final Draft with_without Removal Depreciation.pdf |
| | ATT00001.htm |
| | ODESSA_YMCA_CAVALRY.pdf |
| | ATT00002.htm |
| | Daycare.pdf |
| | ATT00003.htm |
| | YMCA.pdf |
| | ATT00004.htm |

Lisa,

Please find below an email between chad and I that I kept and the final awards and our respective scopes.

Usually once a file is completed with awards completed, I delete all doc, emails and reports except for the awards and the final scope.

Samuel Rogers
214-632-0444
rogers1658075@gmail.com

# EXHIBIT F

| | |
|---|---|
| **From:** | Samuel Rogers |
| **To:** | Henderson, Lisa |
| **Subject:** | Fwd: Odessa YMCA - pull test analysis. |
| **Date:** | Wednesday, October 9, 2019 12:35:48 PM |
| **Attachments:** | Pull Test Fastener Report - YMCA (1).pdf |
| | ATT00001.htm |
| | 20-95-46 Supplemental Report.pdf |
| | ATT00002.htm |
| | YMCA agreed umpire letter.pdf |
| | ATT00003.htm |
| | Pull Test Criteria .pdf |
| | ATT00004.htm |
| | White pull test results and map.pdf |
| | ATT00005.htm |

Sorry, thought it was attached.


Samuel Rogers
214-632-0444
rogers1658075@gmail.com




Begin forwarded message:

**From:** Samuel Rogers <rogers1658075@gmail.com>
**Subject: Odessa YMCA - pull test analysis.**
**Date:** December 18, 2018 at 9:45:26 AM CST
**To:** Chad Fuller - Appraiser <chadf@cavalryconstruction.com>

Chad,

Please find attached, umpire agreement, and both pull test reports, one from the client by Stephen Childs of OMG Roofing products and the other from the carriers engineer by Troy White of Jim D. Koontz and Co.  It appears that both the carrier and the client are in agreement the pull test have failed.

In Mr. Whites report on page 2 it states the following ….

- **Fifty-nine of the pull tests over the gypsum decks had an average withdrawal strength of 284.6 pounds. Ten pull tests were performed over the lightweight concrete with an average withdrawal strength of 123.4 pounds.**

As per the criteria on DR-06-11 and pull test over gypsum must have a minimum pull strength over 300lbs and over lightweight concrete it must have a strength of 360lbs.  Both the carrier and the insured are in agreement that the roof has failed.  Mr. White conducted 71 pull tests and according to his own report 69 total tests failed to meet the minimum 300lbs pull test.  That is a 97% fail rate.  Mr. White then goes on to report on page 3 in his findings he even continues to state the following ….. **Up to fifty percent (50%) of the lightweight concrete decking over the swimming pool may be required to be replaced due to water damage. (However when you compare his findings per test site and the map it shows 100% of the roof failed in this location)  However, moisture in the lightweight concrete decking appears to be due primarily to condensation stemming from conditions on the interior of this area. It is possible, due to constructability and economy of scale, that total replacement in this area**

**would be more feasible.**

I took Mr. Whites test site measurement report (exhibit 5) and color coded the failed pull tests to the roofing sections. More that 60% of the roof is shaded yellow and according to Mr. White, should at least be replaced.  This is from the carriers engineer and we are in agreement.    The client engineer suggests that only his pull test #3 which is equivalent to the carriers pull test #3 which is the only section that did not fail which means the carrier and the customer are agreed that only a small section maybe 10x10 has not failed the pull test standards.  Based on these findings there is no doubt that as stated by Mr. White, due to constructability and economy of scale, that total replacement in this area would be more feasible.

Hope this helps.    I don't think I need any more reports and will suggest that any further testing will only jeopardize further the integrity of a roof that the carriers engineer has already shown to be less than acceptable standards.

Send me you're estimate asap.

Samuel Rogers
214-632-0444
rogers1658075@gmail.com

# EXHIBIT G



Clyde & Co US LLP

10440 N Central Expressway

Suite 800

Dallas, Texas 75231

Telephone:  +1 214 540 7539

Facsimile:  +1 214 540 7540

www.clydeco.us

Lisa M. Henderson

lisa.henderson@clydeco.us

October 16, 2019

***Via Electronic Mail***

Samuel Rogers
131 Oakview Drive
Lewisville, TX  75077
rogers1658075@gmail.com

Re:   ***Philadelphia Indemnity Insurance Co. v. The Odessa Family YMCA***,
      **Case No. 7:19-cv-00107-DLC (W.TX.)**

Dear Mr. Rogers:

As you are aware, we are counsel for Philadelphia Indemnity Insurance Company ("Philadelphia") in the above-captioned action.  We write in connection with and to meet and confer as required under the Federal Rules of Civil Procedure and any applicable local rules regarding your responses to Philadelphia's subpoena for production of documents.  If the issues discussed herein cannot be resolved informally, Philadelphia reserves the right to submit any remaining and unresolved issues to the Court for determination.

Philadelphia's subpoena requires production of *inter alia* "[a] complete copy of [Your] file(s) CONCERNING the YMCA-PHILADELPHIA APPRAISAL" and "All DOCUMENTS, ESI, and COMMUNICATIONS CONCERNING the YMCA- PHILADELPHIA APPRAISAL."

In your October 9, 2019 emails, responding to the subpoena, you provided an email between Mr. Fuller and yourself with attachments, a final draft report prepared by you, a report from Cavalry Construction, and two appraisal awards from the umpire.  You also stated that "[u]sually once a file is completed with awards completed, I delete all doc, emails and reports except for the awards and the final scope."

First, does your above-quoted statement mean that you did in fact delete each and every copy in your possession of every document, email, and report relating to the YMCA-Philadelphia Appraisal (as that term is defined in the subpoena) except for the materials you sent with your October 9 emails?

Second, on many modern software systems it is possible to recover files even after they have been "deleted" by a user.  The subpoena requires the production of Electronically Stored Information (ESI) defined broadly to include "all information of all kinds maintained by electronic

Clyde & Co US LLP is a Delaware limited liability partnership with offices in

Atlanta, Chicago, Kansas City, Los Angeles, Miami, New Jersey, New York, Orange County, San Francisco and Washington D.C.

Clyde & Co US LLP is affiliated with Clyde & Co LLP, a limited liability partnership registered in England and Wales.

4778038



October 16, 2019
Page 2

data processing systems including . . . input and/or output used or produced by any software program or utility . . . all miscellaneous files and/or file fragments, regardless of the media on which they reside and regardless of whether said ESI consists in an active file, deleted file or file fragments . . ." It further included electronic files on any kind of medium: "information stored on both personal and company-issued, owned, or operated desktop or laptop computers, PDAs, cellular phones, smartphones, databases, hard drives, servers, backup tapes, archival tapes, voice mail memories, website log files, USB/flash drives, hard discs, floppy disks, CD-ROMs, online storage services, online communication services, and any other means or vehicle of ESI storage and/or transmittal."  Accordingly (and if the answer the first question above is in the affirmative), we propose to arrange for an independent information technology person to assist you in recovering the ESI relevant to the YMCA-Philadelphia Appraisal matter from the devices, software, and systems where they were created, transmitted, and/or stored.  Philadelphia will pay the cost of this independent information technology person's work.  We understand that you may also have ESI relating to other clients and matters.  This person would not share such ESI with Philadelphia.  You would have the opportunity to review and remove non-responsive ESI relating to other clients and matters before producing responsive ESI to Philadelphia.

   To assist in this process, please:

(1)  Identify all devices on which any ESI relevant to the YMCA-Philadelphia Appraisal matter existed at any time (e.g. all laptop computers, desktop computers, phones, tablets, hard drives, CDs, DVDs, USB drives, etc.).  Please provide the make, model, telephone number (if applicable), and location of each device.

(2)  Identify all software that you used to create, transmit, and/or store ESI relevant to the YMCA-Philadelphia Appraisal at any time (e.g. MS Outlook, MS Word, MS Excel, Xactimate, etc.)

(3)  Identify all email, messaging, sharing, and/or file-storage services that you used to send or store ESI relevant to the YMCA-Philadelphia Appraisal at any time (e.g. webmail, Google Drive, Google Docs, iCloud, Dropbox, etc.).  This would include without limitation all phone call logs and voicemail systems.

(4)  Advise within 10 days of the date of this letter when the independent information technology person could have access to the devices -- including smartphones -- identified above.

   Third, please state when you deleted each of the documents, emails and reports relating to the YMCA-Philadelphia Appraisal and a description of the materials deleted.

   Fourth, please take steps to preserve all ESI relevant to the YMCA-Philadelphia Appraisal matter including but not limited to de-activating any software or software features that would automatically delete or overwrite ESI.



October 16, 2019
Page 3

**Fifth**, did you have any contracts or agreements related to your performance of appraisal services relating to the YMCA-Philadelphia Appraisal? Any documents related to such contracts or agreements would fall within the scope of the subpoena and should be produced.

Very truly yours,

Lisa M. Henderson
Senior Counsel

cc:     Chris Lyster
        chris@pulshaney.com

        W. Kelly Puls
        kelly@pulshaney.com

        Mark Haney
        mark@pulshaney.com

        Kim Steele
        kimberly.steele@clydeco.us

        Brian Harrison
        brian.harrison@clydeco.us

        David Rhodes
        david.rhodes@clydeco.us

**EXHIBIT H**



Clyde & Co US LLP

10440 N Central Expressway

Suite 800

Dallas, Texas 75231

Telephone:  +1 214 540 7539

Facsimile:  +1 214 540 7540

www.clydeco.us

Lisa M. Henderson

lisa.henderson@clydeco.us

October 31, 2019

*Via Electronic Mail*

Samuel Rogers
131 Oakview Drive
Lewisville, TX  75077
rogers1658075@gmail.com

**Re:**    ***Philadelphia Indemnity Insurance Co. v. The Odessa Family YMCA***,
          **Case No. 7:19-cv-00107-DLC (W.TX.)**

Dear Mr. Rogers:

As you are aware, we are counsel for Philadelphia Indemnity Insurance Company ("Philadelphia") in the above-captioned action.  We write to follow up on our October 16, 2019 letter to you regarding your responses to Philadelphia's subpoena for production of documents.

Our October 16 letter, *inter alia*: (1) asked for clarification of your October 9 emails responding to the subpoena explaining your practice of deleting documents, emails, and reports; (2) explained that Philadelphia would arrange for an independent information technology person to assist you in recovering the Electronically Stored Information ("ESI") relevant to the YMCA-Philadelphia Appraisal; (3) asked you to identify your devices, software, systems, and services relevant to the YMCA-Philadelphia Appraisal; (4) asked you to advise within 10 days of the date of the letter when the information technology person could have access to these devices/systems; (5) asked you to state when you deleted each of the documents, emails, and reports relating to the YMCA-Philadelphia Appraisal and to describe the materials deleted; (6) asked you to take steps to preserve all ESI relevant to the YMCA-Philadelphia Appraisal matter including but not limited to de-activating any software or software features that would automatically delete or overwrite ESI; and (7) asked you to produce any contracts or agreements related to your performance of appraisal services relating to the YMCA-Philadelphia Appraisal.

Unfortunately, we have not received any response from you to our letter.  Please provide adequate responses on all of the issues raised in the October 16, 2019 letter by no later than **November 5, 2019**.  If you would like to discuss these matters by telephone, please provide some dates and times when you are available to do so.

Clyde & Co US LLP is a Delaware limited liability partnership with offices in

Atlanta, Chicago, Kansas City, Los Angeles, Miami, New Jersey, New York, Orange County, San Francisco and Washington D.C.

Clyde & Co US LLP is affiliated with Clyde & Co LLP, a limited liability partnership registered in England and Wales.

4813185



October 31, 2019
Page 2


We look forward to informally resolving the matters raised in the October 16 letter. But if they cannot be resolved informally we will submit them to the Court for determination, by way of a motion to compel or otherwise, and we may ask the Court to award Philadelphia its attorneys' fees and costs.

Very truly yours,

Lisa M. Henderson
Senior Counsel

cc:   Chris Lyster
      chris@pulshaney.com

      W. Kelly Puls
      kelly@pulshaney.com

      Mark Haney
      mark@pulshaney.com

      Kim Steele
      kimberly.steele@clydeco.us

      Brian Harrison
      brian.harrison@clydeco.us

      David Rhodes
      david.rhodes@clydeco.us

# EXHIBIT I

**From:** Henderson, Lisa
**To:** Kyle Fonville
**Subject:** No. 7:19-cv-00107-DC; Third Party Subpoena to Sam Rogers [CC-US2.FID713660]
**Date:** Tuesday, December 3, 2019 10:19:01 AM
**Attachments:** image003.png
image004.jpg
image005.png

Kyle,

Following up on my email below.  Please let me know if the proposed terms are acceptable to your client.

Thanks,
Lisa

**Lisa Henderson**
Senior Counsel | Clyde & Co US LLP
**Direct Dial:** +1 214 540 7539 | **Mobile:** +1 214 632 4723



10440 N Central Expressway | Suite 800 | Dallas | TX 75231 | USA
**Fax** +1 214 540 7540 | **www.clydeco.us**

**From:** Henderson, Lisa [mailto:Lisa.Henderson@clydeco.us]
**Sent:** Wednesday, November 20, 2019 1:58 PM
**To:** Kyle Fonville
**Subject:** No. 7:19-cv-00107-DC; Third Party Subpoena to Sam Rogers [CC-US2.FID713660]

Kyle,

Thank you for your proposal below.

We take issue with your representation that your client "has fully complied [with] the enforceable provisions of the subpoena, if any.  He has given you everything that he has kept in the regular course of his business relating to the YMCA project at issue in your lawsuit."  In its subpoena, Philadelphia seeks all DOCUMENTS and ESI concerning the appraisal, which would include materials your client admits he has deleted.  Your client has an obligation to take reasonable means to locate and produce such "deleted" material.

Further, as you note, Texas recognizes three bases for setting aside an appraisal award, one of which is failure to comply with policy requirements.  The policy's appraisal provision requires the appointment of an impartial appraiser.  Accordingly, an award is not made in substantial compliance with the requirements of the policy when there is evidence of bias on the part of an appraiser or umpire. *Hennessey v. Vanguard Ins. Co.*, 895 S.W.2d 794, 798 (Tex. App. 1995), *writ denied* (Aug. 1, 1995).  Because Philadelphia has plead that it is seeking to set aside the award on the basis that it was not in compliance with the policy requirements, it is entitled to discovery in support of this claim.  Further, Philadelphia is entitled to dispute coverage for an appraisal award.  Philadelphia contends that a portion of Mr. Rogers' estimate, on which the award is based, is not for the repair or replacement of covered

hail damage.  Philadelphia seeks Mr. Rogers' file documents to determine the bases for certain line items included in his estimate.

Philadelphia cannot agree to each of the items set forth in your proposal below, but offers the following counter-proposal:

- Philadelphia releases your client from any and all claims or causes of action relating to the appraisal at issue in the lawsuit, including without limitation claims that my client wrongfully deleted any files despite the fact that doing so was and is his regular business practice, but this release does not extend to claims that Philadelphia does not know or suspect to exist in its favor at the time of executing this release and that, if known by it, would have materially affected its decision to release your client on the terms set forth herein;
- Your client and Philadelphia will jointly retain a forensic computer expert to search for any of the following documents (defined as the "Documents") contained on your client's computers, including any desktops or laptops, cellular telephone and voicemail;
  - All communications with the umpire;
  - Your client's Xactimate file, including any drafts of that file, for the project at issue in this lawsuit as well as any supporting files or information relating to the project; and
  - Any invoices, bids, quotes, or other documents or communications relating to the project at issue in this lawsuit.
- Your client will produce or cause to be produced the Documents located by the expert and will provide a privilege log, if necessary, of any relevant Document located by the expert but not produced; and
- Philadelphia will timely pay the forensic computer expert for any work done in this process, including a retainer if necessary; and
- ~~Philadelphia will reimburse my client $750 for his attorney's fees incurred in responding to the subpoena, retaining the expert, and other work that will benefit only your client.~~

Please let me know if the above terms are acceptable.


Thanks,
Lisa


**Lisa Henderson**
Senior Counsel | Clyde & Co US LLP
**Direct Dial:** +1 214 540 7539 | **Mobile:** +1 214 632 4723



10440 N Central Expressway | Suite 800 | Dallas | TX 75231 | USA
**Fax** +1 214 540 7540 | **www.clydeco.us**

---

**From:** Kyle Fonville [mailto:kfonville@deckerjones.com]
**Sent:** Tuesday, November 12, 2019 8:53 AM
**To:** Henderson, Lisa
**Subject:** No. 7:19-cv-00107-DC; Third Party Subpoena to Sam Rogers

Lisa,

To follow up on our phone conversation from Friday, my client's position is that he has fully complied the enforceable provisions of the subpoena, if any. He has given you everything that he has kept in the regular course of his business relating to the YMCA project at issue in your lawsuit. As I stated in our call, I am not sure that any of your requests are even relevant to the claims in the lawsuit against the Odessa Family YMCA. Specifically, your client appears to be seeking to set aside the umpire's award "because it was: (1) made without authority; (2) made as a result of fraud, accident, or mistake; and/or (3) not in compliance with the requirements of the policy." Original Complaint, p. 1-2.  The first and third bases for setting the award aside have nothing to do with my client, and no document in his file would support the relief you seek on those allegations. Likewise, my client's file cannot possibly be relevant to establishing an alleged "accident" or "mistake" by the umpire. The only, *even arguably*, relevant allegation would be fraud. My client emphatically denies that he was a party to any such fraud. Furthermore, you have pleaded no facts whatsoever to support this allegation, and I do not believe the court will allow you to conduct such invasive third-party discovery based on a claim that you have not and cannot articulate in your live pleading. For these reasons, among others, I believe my client owes no further duty with respect to the subpoena, and he is prepared to litigate this issue if necessary.

In an effort to avoid that process, however, my client will agree to the following discovery procedures on the following terms:

- Philadelphia release my client from any and all claims or causes of action relating to the appraisal at issue in the lawsuit, including without limitation claims that my client wrongfully deleted any files despite the fact that doing so was and is his regular business practice;
- My client will retain a forensic computer expert to search for any of the following documents (defined as the "Documents") contained on my client's computer;
  - All communications with the umpire;
  - My client's Xactimate file, including any drafts of that file, for the project at issue in this lawsuit as well as any supporting files or information relating to the project; and
  - Any invoices, bids, quotes, or other documents or communications relating to the project at issue in this lawsuit.
- My client will produce or cause to be produced the Documents located by the expert and will provide a privilege log, if necessary, of any relevant Document located by the expert but not produced;
- Philadelphia will timely pay the forensic computer expert for any work done in this process, including a retainer if necessary; and
- Philadelphia will reimburse my client $750 for his attorney's fees incurred in responding to the subpoena, retaining the expert, and other work that will benefit only your client.

Please let me know if these terms are acceptable to your client, and we will proceed with getting you this information.

Kyle

**Kyle B. Fonville**
DECKER JONES, P.C.
801 Cherry Street, Unit #46
Burnett Plaza, Suite 2000

Decker Jones

Fort Worth, Texas 76102-6836
817.336.2400
817.336.2181 (Fax)
Firm Website | My Bio

**CONFIDENTIALITY NOTICE:** **This e-mail (and/or the attachments accompanying it) may contain confidential information belonging to the sender which is protected by the attorney-client privilege. If you are not the intended recipient, any disclosure, copying, distribution or the taking of any action in reliance on the contents of the information is strictly prohibited. If you have received this transmission in error, please promptly notify the sender and destroy all copies of this email.**

**IRS CIRCULAR 230 DISCLOSURE:** **To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.**