# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| **PHILADELPHIA INDEMINTY** § | | |
| **INSURANCE COMPANY,** § | | |
| *Plaintiff,* § | | |
| § | | |
| v. § | | MO:19-CV-107-DC |
| § | | |
| **THE ODESSA FAMILY YMCA** § | | |
| *Defendant.* § | | |

## ORDER GRANTING MOTION TO COMPEL COMPLIANCE WITH SUBPOENA

BEFORE THE COURT is the Motion to Compel Compliance with a Subpoena to Produce Documents (Motion to Compel) filed by Plaintiff Philadelphia Insurance Company (Plaintiff) on March 13, 2020. (Doc. 39). After due consideration of the Motion to Compel and the relevant law, the Court **GRANTS** the Motion to Compel. *Id.*

Plaintiff filed this declaratory judgment action on April 23, 2019, asking the Court to declare it is not bound by an appraisal award. (Doc. 1). Sam Rogers, who is not a party to this action, served as the appraiser for Defendant The Odessa Family YMCA (Defendant) in the appraisal process. (*See* Doc. 39 at 1). Shortly after filing suit, Plaintiff's counsel sent a "litigation hold" letter to Mr. Rogers notifying him of the action and requesting preservation of documents and information related to the appraisal. (Doc. 39-1 at 4–5). On September 30, 2019, Plaintiff's counsel issued a subpoena to Mr. Rogers commanding production of Mr. Rogers' file concerning the appraisal including all documents, electronically stored information (ESI), and communications. *See id.* at 15–18. The date specified for compliance was October 22, 2019. *Id.* at 12. Mr. Rogers was served with the subpoena on October 2, 2019. *Id.* at 20. Mr. Rogers provided some documents to Plaintiff's counsel but also informed her that his practice was to

"delete all docs, email and reports except for the awards and the final scope" after the appraisal process was completed. *Id.* at 22. Plaintiff's counsel sought additional clarification and recovery of deleted ESI through a "meet and confer letter" and a follow-up communication. *Id.* at 27–32. Despite subsequent discussions between Mr. Rogers' counsel, and Plaintiff's counsel, a resolution was not reached.

Plaintiff filed the instant Motion to Compel on March 13, 2020. (Doc. 39). No response was filed, and the time afforded to do so under the Local Rules has expired. *See* Local Court Rule CV-7(e)(2). Accordingly, this matter is ready for disposition.

The Motion to Compel asks the Court to compel Mr. Rogers to state under oath whether he has produced all non-ESI documents sought by the subpoena, answer the questions posed by Plaintiff's counsel in the October 16, 2019 meet and confer letter, and permit, at Plaintiff's expense, "a forensic computer expert to search his computers, cellular telephone and voicemail for any Electronically Stored Information" that is responsive to the subpoena. (*See* Doc. 39 at 8–9).

"Rule 45 explicitly contemplates the use of subpoenas in relation to non-parties." *Isenberg v. Chase Bank USA, N.A.*, 661 F. Supp. 2d 627, 629 (N.D. Tex. 2009); *see also* Fed. R. Civ. P. 45 (d)(2)(B)(ii). Additionally, Rule 45 provides various mechanisms for parties or third-parties to seek relief from overly broad or burdensome subpoenas: Rule 45(d)(2)(B) sets out the procedure to object to commands to produce documents or tangible things or permit inspections; Rule 45(d)(3) sets out the procedure and grounds for a subpoena to quashed or modified; and Rule 45(e)(2) sets out the procedure for claiming privileges and withholding privileged materials. Failure to file timely objections to or a timely motion to quash the subpoena generally

results in the waiver of any objections. *Andra Group, LP v. JDA Software Grp., Inc.*, 312 F.R.D. 444, 448–49 (N.D. Tex. 2015); *Isenberg*, 661 F. Supp. 2d at 629.

The requested materials, including any deleted ESI or partially deleted ESI, are within the scope of the subpoena. Mr. Rogers did not file a timely objection under Rule 45(d)(2)(B), has not asserted a privilege, and has not requested that the Court quash or modify the subpoena. Further, the Court finds that the subpoena is not facially overbroad and the requested materials are within the scope of discovery set out in Federal Rule of Civil Procedure 26(b)(1).

Accordingly, it is **ORDERED** that Plaintiff's Motion to Compel is **GRANTED**. (Doc. 39).

It is further **ORDERED** that Sam Rogers do the following within **thirty days** of the entry of this Order:

1. State under oath whether he has provided all non-ESI materials that are responsive to the subpoena;
2. Answer the questions posed in Plaintiff's October 16, 2019 letter;
3. Permit a forensic computer expert to search his computers, cellular telephone, and voicemail for ESI that is responsive to the subpoena.

All expenses associated with the forensic examination shall be borne by Plaintiff.

It is so **ORDERED**.

SIGNED this 22nd day of April, 2020.

DAVID COUNTS
UNITED STATES DISTRICT JUDGE